UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL A. VANDERHOOF, Jr., | ) | Case No. 1:16-cv-00498 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| WARDEN, ROSS CORR. INST., | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |

Before the court is the petition of Daniel A. Vanderhoof, Jr., for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local

Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and

Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Vanderhoof*, Case

No. 12-CR-00846 (Lake County Apr. 3, 2013). (R. 1, PageID #: 1.)

The petitioner filed the petition *pro se* arising out of his 2013 convictions for two counts

of aggravated vehicular assault, and operating a vehicle under the influence of alcohol, in the

Lake County (Ohio) Court of Common Pleas. In his petition, Vanderhoof raises two grounds for

relief, verbatim:

> 1. Petitioner was denied the ineffective assistance of trial counsel at sentencing
> for failing to raise . . . (that all three counts) . . . should merge.
>
> 2. The trial court erred when it failed to hold a hearing on allied offenses . . . to
> merge allied offenses.

(R. 1, § 12.)

The respondent has filed a Return of Writ (R. 11), and Vanderhoof has filed a Traverse

(R. 13). For the following reasons, the magistrate judge recommends that the petition be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following factual and procedural background:

> In the early-morning hours of December 9, 2012, appellant was driving a vehicle in a residential neighborhood at speeds exceeding 60 mph. Appellant proceeded down a dead-end road, eventually crashing through an occupied home.  Two of the three family members in the home were seriously injured, one of which was a three-year-old boy. Appellant fled the scene, but was eventually apprehended.  He was intoxicated and non-cooperative with officers.  After his arrest, appellant's BAC was measured at .172.

(R. 12, RX 9, PageID #: 615-616; *State v. Vanderhoof*, No. 2013-L-036, 2013 WL 6493709, at *1 (Ohio Ct. App. Dec. 9, 2013).)  The state appellate court further stated:

> Following [the above] incident in which Vanderhoof crashed his vehicle into an occupied home while intoxicated, the Lake County Grand Jury issued an 11-count indictment against him.
>
> Vanderhoof entered a plea of guilty to Count One, Aggravated Vehicular Assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1)(a); Count Two, Aggravated Vehicular Assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1)(a); and Count Three, OVI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a).  The court nolled the remaining counts of the indictment.
>
> Following a hearing, the court filed a Judgment Entry of Sentence, ordering Vanderhoof to serve a prison term of eight years on Count One; eight years on Count Two; and 180 days of local incarceration on Count Three.  The court ordered the terms imposed for Counts One and Two to be served consecutively, for an aggregate term of 16 years.  The court ordered the 180-day term of incarceration to follow that prison term.
>
> Vanderhoof appealed and . . . this court held that his maximum and consecutive sentences were proper and were consistent with other sentences, pursuant to R.C. 2929.11(B).  Based on this, we affirmed the trial court's imposition of sentence.
>
> Vanderhoof filed an application to reopen his appeal pursuant to App.R. 26(B).

(R. 12, RX 19, PageID #: 717; *State v. Vanderhoof*, No. 2013-L-036, 2015 WL 3544289, at *1 (Ohio Ct. App. June 8, 2015) (internal citations omitted).

The appellate procedural history is further described as follows.  On direct appeal,

Vanderhoof raised two assignments of error:

> 1.  The trial court erred by sentencing the Defendant-Appellant to maximum and consecutive terms of imprisonment.
>
> 2.  The trial court violated the Defendant-Appellant's rights to Equal Protection and Due Process of Law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to [Ohio] R.C. 2929.11(B).

(R. 12, RX 7, PageID #: 577.)  On December 9, 2013, the court of appeals affirmed the judgment

of the trial court.  (R. 12, RX 9; *Vanderhoof*, 2013 WL 6493709.)

Vanderhoof appealed that decision to the Supreme Court of Ohio, raising the following

two propositions of law:

> 1.  Whether the trial court erred by sentencing the Defendant-Appellant to maximum and consecutive terms of imprisonment.
>
> 2.  Whether the trial court violated the Defendant-Appellant's rights to Equal Protection and Due Process of Law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to [Ohio] R.C. 2929.11(B).

(R. 12, RX 11, PageID #: 627.)  On April 23, 2014, the Supreme Court of Ohio declined

jurisdiction of his appeal.  (R. 12, RX 13; *State v. Vanderhoof*, 138 Ohio St.3d 1469, 6 N.E.3d

1205 (2014).)

On February 27, 2014, while his direct appeal was pending, Vanderhoof filed an

application *pro se* to re-open his appeal pursuant to Ohio App. Rule 26(B), arguing that appellate

counsel was ineffective for failing to pursue the following assignments of error on direct appeal:

> 1.  Mr. Vanderhoof was denied the effective assistance of trial counsel at sentencing for failing to raise that defendant's convictions for the two counts of aggravated vehicular assault and one count of operating a vehicle under the influence of alcohol should have merged as allied offenses pursuant to [Ohio] R.C. 2941.25.  A 5, 6, and 14 Amendment violation to the U.S. Constitution.

> 2.  The trial court erred when it failed to hold a hearing on allied offenses pursuant to [Ohio] R.C. 2941.25 and *State v. Johnson* (2010), 128 Ohio St.3d 153; 2010 Ohio 6314, 942 N.E.2d 1061, to determine whether the two counts of aggravated vehicular assault and one count of operating a vehicle under the influence of alcohol should have merged for the purpose of sentencing.  A 5 and 14 Amendment Due Process violation to the U.S. Constitution.

(R. 12, RX 14, PageID #: 665, 669.)  The court of appeals reopened the appeal, and appointed counsel to represent Vanderhoof.  (R. 12, RX 16.)  Counsel filed a brief setting forth a single assignment of error:

> Appellant was denied effective assistance of appellate counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments when appellate counsel failed to raise error related to the failure to merge the charges of aggravated vehicular assault and operating a vehicle while under the influence.

(R. 12, RX 17, PageID #: 691.)  The court of appeals affirmed the judgment of the trial court, finding no merit in the assignment of error.  (R. 12, RX 19; *Vanderhoof*, 2015 WL 3544289.)

Vanderhoof appealed to the Supreme Court of Ohio, raising two propositions of law:

> 1.  Whether Mr. Vanderhoof was denied effective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel at sentencing for failing to raise that defendant's conviction for two counts of aggravated vehicular assault and one count of operating a vehicle under the influence of alcohol should have merged as allied offenses pursuant to [Ohio] R.C. §2941.25.  A Fifth, Sixth, and Fourteenth Amendment violation to the United States Constitution.

> 2.  Whether appellate counsel's performance fell below reasonable standard of effective assistance resulting in defendant's prejudice by failing to raise a trial court error when the trial court failed to hold a hearing on allied offenses pursuant to [Ohio] R.C. §2941.25 and *State v. Johnson* (2010), 128 Ohio St.3d 153; 2010 Ohio 6314, 942 N.E.2d 1061, to determine whether the two counts of aggravated vehicular assault and one count of operating a vehicle under the influence of alcohol should have merged for the purpose of sentencing.  A Fifth and Fourteenth Amendment Due Process violation to the U.S. Constitution.

(R. 12, RX 21, PageID #: 727.)  On October 28, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.  (R. 12, RX 23; *State v. Vanderhoof*, 143 Ohio St.3d 1501, 39

N.E.3d 1271 (2015).)  On May 16, 2016, the United States Supreme Court denied a petition for writ of certiorari in this appeal.  *Vanderhoof v. Ohio*, 136 S.Ct. 2016 (2016).

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).  A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision

is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12;

*Lorraine*, 291 F.3d at 422.

      Vanderhoof has filed his petition *pro se*.  The pleadings of a petition drafted by a *pro se*

litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be

liberally construed.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*,

405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  No other special

treatment is afforded litigants who decide to proceed *pro se*.  *McNeil v. United States*, 508 U.S.

106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108

(6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

      The first ground of the petition is that Vanderhoof was denied the effective assistance of

trial counsel at sentencing for failing to raise the issue that all three counts should merge.

Vanderhoof claims that, under Ohio law, the two counts of aggravated vehicular assault should

have been merged with the count of operating a motor vehicle under the influence of alcohol,

under Ohio Rev. Code § 2941.25 and *State v. Johnson*.  Thus, he contends, trial counsel was

ineffective for failing to raise the issue of merger.  (R. 1, PageID #: 5.)  The respondent argues

that the state court properly rejected his ineffectiveness claim, because counsel is not ineffective

for failing to raise a claim that lacks merit.  (R. 11, PageID #: 304, 306-307.)

      Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to

effective assistance of counsel."  *Missouri v. Frye*, 566 U.S. 133, 132 S.Ct. 1399, 1404 (2012);

*Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S.

759, 771 n.14 (1970). The Sixth Circuit discussed the general standard for ineffective assistance of counsel in *Monzo v. Edwards*:

> To establish ineffective assistance of counsel under *Strickland*, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). *See generally Strickland v. Washington*, 466 U.S. 668, 689 (1984) (two-part test).

The Supreme Court has stated in several cases that this court must approach the state court's rulings in a highly deferential manner. The Supreme Court in *Harrington v. Richter* stated that the "pivotal question" of whether the state court's application of *Strickland* standard was unreasonable is different from simply deciding whether counsel's performance fell below *Strickland*'s standard. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

The Court in *Richter* instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103; *see also Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), *cert. denied*, 132 S.Ct. 2376 (2012) (quoting *Richter*). The Court acknowledged that, under the AEDPA, this

standard was "difficult to meet," however, it was "meant to be" so.  *Id.* at 786; *see also*

*Montgomery*, 654 F.3d at 676.

The state court addressed Vanderhoof's claim in the context of his reopened appeal[1]:

The test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is the proper standard to apply in assessing whether a defendant has raised a genuine issue as to the ineffectiveness of appellate counsel under App.R. 26(B).  *State v. Davie*, 96 Ohio St.3d 133, 2002–Ohio–3753, 772 N.E.2d 119, ¶ 5.  To prevail on an ineffective assistance of counsel claim, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding."  *State v. Madrigal*, 87 Ohio St.3d 378, 388–389, 721 N.E.2d 52 (2000), citing *Strickland* at 687–688.  "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's performance was reasonable considering all the circumstances."  *Strickland* at 688.  "There is a strong presumption that the attorney's performance was reasonable."  *State v. Gotel*, 11th Dist. Lake No.2006–L–015, 2007–Ohio–888, ¶ 10.

Under his assignment of error, Vanderhoof asserts that there was no justification for appellate counsel's failure to raise the issue of merger, since OVI and Aggravated Vehicular Assault are allied offenses.

The State argues that counsel could not be ineffective for failing to raise merger because an OVI jail term should run consecutively with an Aggravated Vehicular Assault prison term.

R.C. 2941.25 provides that, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However, "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."  R.C. 2941.25(B).

---

[1]  More specifically, the claim was raised as an ineffective assistance of appellate counsel claim, based on appellate counsel's failure to raise ineffective assistance of trial counsel, which in turn was based on trial counsel's failure to raise the merger issue at sentencing.  (R. 12, RX 17, PageID #: 691, 692, 695; *see also* R. 12, RX 14, PageID #: 665.)

The argument in this matter is centered around whether OVI and Aggravated Vehicular Assault must merge, given that the commission of Aggravated Vehicular Assault under R.C. 2903.08(A)(1)(a) requires the commission of an OVI: "[n]o person, while operating or participating in the operation of a motor vehicle, * * * shall cause serious physical harm to another person * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code [OVI]."

This court, in *State v. Demirci*, 11th Dist. Lake No.2011–L–142, 2013–Ohio–2399, evaluating this exact issue, held that the trial court's entry of convictions for both Aggravated Vehicular Assault and OVI and its order that jail/prison terms for the offenses be served concurrently, was "authorized by the discretion afforded the court under R.C. 2929.41(B)(3)." *Id.* at ¶ 49. That statute provides, in pertinent part:

> A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

In support of its holding in *Demirci*, this court cited *State v. Bayer*, 10th Dist. Franklin No. 11AP–733, 2012–Ohio–5469, in which the Tenth District concluded that R.C. 2929.41(B)(3) "evinces a legislative intent to permit cumulative punishments where a defendant is found guilty of both aggravated vehicular assault and operating a vehicle under the influence." *Demirci* at ¶ 46, citing *Bayer* at ¶ 19–22. The *Bayer* court summarized, "[a]ssuming, arguendo, that OVI and AVA are allied offenses, R.C. 2929.41(B)(3) creates an exception to the general rule provided in R.C. 2941.25 that allied offenses must be merged so that a defendant may be convicted, i.e., found guilty and sentenced, on either the OVI or the AVA, but not both." *Bayer* at ¶ 22.

In light of the fact that this court's sole opinion on this specific issue holds that a defendant may receive separate sentences for Aggravated Vehicular Assault and OVI, regardless of whether the opinion's conclusion was arguable, we cannot find that appellate counsel was ineffective for failing to raise the merger issue. Given the principle that a court should follow its own precedent, and that the trial court is bound by this court's authority, appellate counsel's decision not to raise an issue already adjudicated by this court in *Demirci* does not constitute ineffective representation. *See Aulizia v. Westfield Natl. Ins. Co.*, 11th Dist. Trumbull No.2006–T–0057, 2007–Ohio–3017, ¶ 44, citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990) (stare decisis requires a

court to follow the authority of a superior court which has decided the issue under review). Appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U .S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The lower courts, as well as attorneys defending clients, are entitled to rely on the precedent of this court in making decisions. Such reliance on prior appellate decisions cannot serve as a basis for a finding of ineffectiveness of counsel or plain error. It is logical that a defense attorney would not raise arguments that have already been settled by this court, especially given that "appellate counsel need not raise every possible issue in order to render constitutionally effective assistance" and may choose which arguments are most likely to succeed. *State v. Tenace*, 109 Ohio St.3d 451, 2006–Ohio–2987, 849 N.E.2d 1, ¶ 7.

(R. 12, RX 19, PageID #: 718-721; *Vanderhoof*, 2015 WL 3544289, at *2-*3.) Although the court explicitly found there was no merit in the ineffective assistance of appellate counsel claim, that ruling relied on an implicit determination that trial counsel was not ineffective as well ("a defense attorney would not raise arguments that have already been settled by this court"). (R. 12, RX 19, PageID #: 721; *Vanderhoof*, 2015 WL 3544289, at *3.)

Reviewing the state court's ruling in accordance with the guidance set forth by the U.S. Supreme Court in *Richter*, the court finds that Vanderhoof has failed to demonstrate that the state court's ruling was contrary to *Strickland*. Vanderhoof has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The petition should not be granted on the basis of the first ground.

## IV. SENTENCING

The second ground of the petition is that the "trial court erred when it failed to hold a hearing on allied offenses, to merge allied offenses." Vanderhoof argues that, under Ohio law, merger is not an affirmative defense, but rather the trial judge has the duty to address merger *sua sponte* to avoid a double jeopardy violation. (R. 1, PageID #: 7.) The respondent argues that

10

Vanderhoof's second ground for relief is a state law claim which is not cognizable in habeas.  (R. 11, PageID #: 308-311.)

The question before this court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution or state statute is not properly before this court.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### A.  Direct Appeal

On direct appeal, Vanderhoof raised two assignments of error.  Neither of them were that the trial court erred when it failed to hold a hearing on the question of whether to merge allied offenses.  The first assignment of error was based on the argument that the trial court misapplied Ohio statutory sentencing law, in that the court failed to properly consider the statutory factors in Ohio Rev. Code § 2929.12 when imposing the sentence.  Vanderhoof did not present an argument based on federal law.  *See generally* R. 12, RX 7, PageID #: 580-586.  The court of appeals addressed that claim as a state law claim.  (R. 12, RX 9, PageID #: 617-621; *Vanderhoof*, 2013 WL 6493709, at *2-*4.)

The second assignment of error was that the trial court erred by imposing a sentence that was not consistent with the sentences for similar crimes committed by similar offenders, in violation of Ohio Rev. Code § 2929.11(B).  (R. 12, RX 7, PageID #: 586.)  The caption of his assignment of error asserted that this sentence resulted in a violation of his constitutional rights to equal protection and due process.  *Id.*  The brief contained no further argument of a federal due process violation.  (R. 12, RX 7, PageID #: 586-594.)  Vanderhoof did advance a cursory statement that his sentencing violated the Equal Protection Clause, quoting *City of Cleburne v.*

11

*Cleburne Living Center* that the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." (R. 12, RX 7, PageID #: 587, quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).) The remainder of the argument in his brief on appeal was limited to state law issues. (R. 12, RX 7, PageID #: 587-594.) The court of appeals addressed the claim as a state law claim. (R. 12, RX 9, PageID #: 621-622; *Vanderhoof*, 2013 WL 6493709, at *4.)

Vanderhoof does not identify clearly established federal law, as determined by the U.S. Supreme Court, which would support an argument that the state court's ruling was violative of the Equal Protection Clause. The *Cleburne* case which Vanderhoof cited in his appeal to the state court is not on point,[2] and only supports general principles.

In sum, Vanderhoof failed to argue on direct appeal that trial court erred in violation of federal law, when it did not hold a hearing on merging allied offenses. Rather, his arguments were based on state law. As stated earlier, federal habeas relief is not available for a claimed violation of state law. *See Lewis*, 497 U.S. at 780.

B.  Re-Opened Appeal

The state court of appeals granted Vanderhoof's Rule 26(B) application to reopen his appeal, on the basis of ineffective assistance of appellate counsel, and appointed counsel to represent him. (R. 12, RX 16.) Counsel filed a brief setting forth a single assignment of error:

Appellant was denied effective assistance of appellate counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments when appellate counsel failed to raise error related to the failure to

---

[2] *Cleburne* involved a challenge to the validity of a zoning ordinance excluding group homes for the mentally challenged.

merge the charges of aggravated vehicular assault and operating a vehicle while under the influence.

(R. 12, RX 17, PageID #: 691.)  Thus, Vanderhoof attempted to raise the merger issues in the second habeas ground in the context of his Rule 26(B) application to reopen, arguing it was a meritorious claim that appellate counsel failed to raise on direct appeal.

Although the respondent characterizes this claim as simply a state law claim (R. 11, PageID #: 308-311), a claim raising issues concerning sentencing for "allied offenses" could in some circumstances involve a colorable federal double jeopardy claim, because Ohio's "allied offenses of similar import" statute is apparently intended, in part, to alleviate double jeopardy concerns.  *See, e.g.*, *State v. Ruff*, 143 Ohio St. 3d 114, 117-118, 34 N.E.3d 892, 895-896 (2015).

However, the Sixth Circuit has ruled that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009) (citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)).  *See also Muntaser v. Bradshaw*, No. 10-3112, 2011 WL 2646551, at *6 (6th Cir. July 6, 2011), *cert. denied*, 565 U.S. 1121  (2012) (Rule 26(B) motion limited to ineffective assistance of appellate counsel claims and cannot preserve underlying substantive claim).

It is well-settled in the Sixth Circuit that the threshold issue of exhaustion of state remedies can be raised by the court *sua sponte*.  *Richards v. Money*, No. 1:03CV1532, 2005 WL 1181856, at *5 (N.D. Ohio May 18, 2005) (citing *Clinkscale v. Carter*, 375 F.3d 430, 436-437 (6th Cir. 2004); *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)); *see also Alexander v. Eberlin*, No. 1:06CV1664, 2007 WL 2902899, at *5 (N.D. Ohio Sept. 28, 2007) (same).  A habeas claim is procedurally defaulted where the petitioner fails to raise a federal claim in state court, and to pursue the claim through the state's ordinary review process.  *Williams v. Anderson*,

460 F.3d 789, 806 (6th Cir. 2006 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).  As demonstrated above, Vanderhoof failed to present this merger claim as a discrete federal claim to the state courts.  This court does not have jurisdiction to consider a federal claim in a habeas petition that was not fairly presented to the state courts.  *Baldwin v. Reese*, 541 U.S. 27 (2004); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

Vanderhoof cannot return to state court to exhaust the claim that the trial court erred by failing to hold a hearing on merger of allied offenses.  The Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal, but were not, will be barred from consideration on appeal following remand, under the doctrine of res judicata.  *State v. Hutton*, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); *State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), *cert. denied*, 523 U.S. 1108 (1998).  State law no longer would permit Vanderhoof to raise the claim, hence it is defaulted.  *See Hand v. Houk*, 871 F.3d 390, 408-410 (6th Cir. 2017); *Williams*, 460 F.3d at 806; *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007).

Further, Vanderhoof has not demonstrated cause[3] to excuse the default (*see generally* R. 13), thus this court may not review the merits of the claim.  *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002); *Shabazz v. Ohio*, 149 F.3d 1184, 1998 WL

---

[3] Although attorney error can constitute cause to excuse petitioner's default, attorney error cannot serve as cause unless the performance of counsel was constitutionally ineffective under the *Strickland* standard.  *Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244-245 (6th Cir. 2001) (citing *Murray v. Carrier*, 477 U.S. 478, 487 (1986)); *Dixon v. Hudson*, No. 1:05CV2499, 2008 WL 540905, at *5 (N.D. Ohio Feb. 25, 2008).  Because Vanderhoof has not demonstrated that counsel was ineffective, as discussed above, the alleged ineffectiveness of counsel cannot constitute cause for the default.  *Hinkle*, 271 F.3d at 245; *Dixon*, 2008 WL 540905, at *5; *Henness v. Bagley*, No. 2:01CV043, 2007 WL 3284930, at *10 (S.D. Ohio Oct. 31, 2007), *aff'd*, 644 F.3d 308 (6th Cir. 2011), *cert. denied*, 132 S.Ct. (2012).

384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).  The petition should not be granted on the basis of the second ground.


## IV.  CONCLUSION

After considering the parties' filings and the governing law, it is recommended that the petition be denied.


s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge


Date:  December 29, 2017

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).