UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL A. VANDERHOOF, JR., | ) | CASE NO. 1:16-cv-0498 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WARDEN, ROSS CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge David A. Ruiz, recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 18 ["R&R"].) Petitioner filed objections. (Doc. No. 20 ["Obj."].) Respondent filed neither his own objections nor any response to petitioner's objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its *de novo* review of the matters raised in the objections. For the reasons discussed below, the R&R is accepted and the objections are overruled.

## I. BACKGROUND

In February 2013, petitioner was indicted by a grand jury on, *inter alia*, two counts of aggravated vehicular assault (both second degree felonies under Ohio law) and one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ["OVI"] (a first degree misdemeanor). The charges resulted from an incident wherein petitioner, while intoxicated and under a license suspension, drove his vehicle into an occupied home, seriously injuring three residents (including a three-year old boy), and then fled the scene. (Doc.

No. 12-1, Return of Writ/Appendix[1] ["App."] at 551-56.[2]) On February 21, 2013, represented by counsel, petitioner pleaded guilty to all three counts and the trial court entered a judgment of conviction. (*Id.* at 558-63.)[3] He was thereafter sentenced to eight years each for the aggravated vehicular assaults, to be served consecutively, for an aggregate sentence of 16 years imprisonment. In addition, he was ordered to serve 180 days local incarceration following the prison sentence. (*Id*. at 564-68.)

Represented by new counsel, petitioner filed a direct appeal. (*Id*. at 569-75.)[4] On December 9, 2013, the Eleventh District Court of Appeals of Ohio affirmed the judgment and, on April 23, 2014, the Ohio Supreme Court declined to accept jurisdiction. (*Id*. at 615-23; 663.)[5]

---

[1] The record accompanying the Return of Writ (Doc. No. 11 ["Return"]) was filed twice due to filing errors. The Court's references herein are to the second-filed appendix, Doc. No. 12, not the appendix filed with the return.

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] The remaining eight counts were nolled. (App. at 562.)

[4] Petitioner assigned two errors:

    1.    The trial court erred by sentencing defendant-appellant to a [sic] maximum and consecutive terms of imprisonment.

    2.    The trial court violated the defendant-appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).

(App. at 576-77.)

[5] Before the Ohio Supreme Court, petitioner raised two propositions of law:

    1.    Whether the trial court erred by sentencing the defendant-appellant to maximum and consecutive terms of imprisonment.

    2.    Whether the trial court violated the defendant-appellant's rights to Equal Protection and Due Process of Law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).

(App. at 627.)

While his direct appeal was pending, on February 24, 2014, petitioner (proceeding *pro se*) filed an application to reopen his appeal pursuant to App. R. 26(B). (*Id*. at 664-72.)[6] The court of appeals reopened the appeal and appointed counsel to represent petitioner. (*Id.* at 680-89.)[7] On June 8, 2015, the court of appeals affirmed the trial court's judgment. (*Id*. at 716-23.) Petitioner filed a *pro se* appeal to the Ohio Supreme Court (*id*. at 724-25),[8] but on October 28, 2015, the court

---

[6] Petitioner raised two assignments of error:

> 1. Appellate counsel's performance fell below a reasonable standard of effective assistance to defendant's prejudice for failure to raise that defendant was denied the effective assistance of trial counsel at sentencing for failing to raise that defendant's two convictions for aggravated vehicular assault and a count of operating a vehicle under the influence should have merged as allied offenses pursuant to R.C. 2941.25.
>
> 2. Appellate counsel's performance fell below a reasonable standard of effective assistance resulting in defendant's prejudice by failing to raise the trial court erred when it failed to hold a hearing on allied [offenses] pursuant to R.C. 2941.25 and State v. Johnson (2010), 128 Ohio St. 3d 153; 2010 Ohio 6314; 942 N.E.2d 1061.

(App. at 664-65.)

[7] Appointed counsel was permitted to file a brief wherein one assignment of error was raised:

> 1. Appellant was denied effective assistance of appellate counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments when appellate counsel failed to raise error related to the failure to merge the charges of aggravated vehicular assault and operating a vehicle while under the influence.

(App. at 691.)

[8] Petitioner raised two propositions of law:

> 1. Whether the [sic] Mr. Vanderhoof was denied the effective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel at sentencing for failing to raise that defendant's conviction for two counts of Aggravated Vehicular Assault and one count of operating a vehicle under the influence of alcohol should have merged as allied offences [sic] pursuant to O.R.C. 2941.25. A Fifth, Sixth, and Fourteenth Amendment violation to the United States Constitution.
>
> 2. Whether appellate counsel's performance fell below reasonable standard of effective assistance resulting in defendant's prejudice by failing to raise a trial court error when trial court failed to hold a hearing on allied offences [sic] pursuant to O.R.C. § 2941.25, and State v. Johnson (2010), 128 Ohio St. 3d 153; 2010 Ohio 6314; 942 N.E.2d 1061, to determine whether the two counts of aggravated vehicular assault and one count of operating a vehicle under the influence of alcohol should have merged for the purpose of sentencing. A Fifth, and Fourteenth Amendment Due Process Violation to the U.S. Constitution.

(App. at 727.)

3

declined to accept jurisdiction. (*Id*. at 770.) On May 16, 2016, the United States Supreme Court denied a petition for writ of certiorari. *Vanderhoof v. Ohio*, 136 S. Ct. 2016 (2016).

The instant petition was filed on March 2, 2016. (Doc. No. 1, Petition ["Pet."].) Proceeding *pro se*, petitioner raised two grounds for relief:

> **Ground One:** Petitioner was denied the ineffective [sic] assistance of trial counsel at sentencing for failing to raise . . . (that all three counts) . . . should merge.
>
> **Ground Two:** Trial court erred when it failed to hold a hearing on allied offenses . . . to merge allied offenses.

(*Id.* at 5, 7 (verbatim).)

The R&R recommends dismissal of the petition because, as to ground one, petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law and, as to ground two, petitioner has defaulted the claim by not first presenting it to the state courts as a discrete federal claim.

## II. DISCUSSION

**A.  The Standard of Review**

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1)(C).

In conducting its *de novo* review in a habeas context, this Court must be mindful of the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[9] "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

**B.** *De Novo* **Review**

Petitioner objects to the R&R only with respect to its recommendation on ground two.[10] He asserts that it was error to conclude that his underlying claim regarding merger was not

---

[9] "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

[10] In *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (referencing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)), the Court noted that, when an ineffectiveness claim was first adjudicated in state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." This is different from "adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court." *Id.* "Under AEDPA, . . . it is a necessary premise that the two questions are different." *Id.* The R&R applied this standard for habeas review of such a claim, properly concluding that petitioner "failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." (R&R at 808.) Petitioner has raised no challenge with respect to ground one.

5

presented to the state courts as a discrete federal claim[11] and was, therefore, not exhausted,[12] resulting in procedural default because it can no longer be brought in state court. In the alternative, petitioner argues that exhaustion should be excused because it was caused by the state courts' refusal to recognize his presentation of the merger issue.

In support of his objection, petitioner points specifically to places in the record where he claims to have separately presented a discrete federal claim based on double jeopardy. First, he cites Exhibit 17, the brief filed by his appointed counsel in support of his application to reopen his appeal. (*See* Obj. at 816, citing App. at 690.) There, counsel raised the following assignment of error:

> Appellant was denied effective assistance of appellate counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments when appellate counsel failed to raise error related to the failure to merge the charges of aggravated vehicular assault and operating a vehicle while under the influence.

(App. at 696.)[13] The claim raised in that assignment of error is a Sixth Amendment claim of ineffective assistance of counsel, where counsel's claimed ineffectiveness was his failure to raise an allegedly viable underlying claim relating to merger of charges. The underlying claim would have been a double jeopardy claim had it been separately raised; but it was not, even though the

---

[11] Petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)) (internal quotation marks omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66.

[12] Before applying for a writ of habeas corpus, a state prisoner must "exhaust[ ] the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A).

[13] Petitioner also cites to the State's brief filed in the reopened appeal where his double jeopardy argument was opposed. (Obj. at 816, citing App. 701, 709-13.) But it is obvious that the *State's* argument that counsel cannot be deemed ineffective for failing to raise an error that would have been contrary to law (*i.e.*, a double jeopardy claim) cannot be construed as preserving an underlying claim on *petitioner's* behalf.

brief does indeed argue that the failure to merge the charges constituted double jeopardy. The entire double jeopardy argument in the cited brief is set forth to make one point: counsel (both trial and appellate) were ineffective for failing to raise that argument. Petitioner asserts that further evidence that the double jeopardy claim was "fairly presented" is the fact that the Ohio court of appeals addressed the issue in its June 8, 2015 ruling. (Obj. at 816, citing App. at 716, 719-20 (¶¶ 13-15).)

Notwithstanding petitioner's references to the record, although an ineffectiveness of counsel claim was fairly presented, the actual underlying claim was not. The Sixth Circuit has repeatedly held that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'" *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)). In *Davie*, the court explained that, due to the "very nature" of a Rule 26(B) application, which permits "a defendant in a criminal case [to] apply for reopening of the appeal . . . based on a claim of ineffective assistance of appellate counsel[,] . . . the [state] court's holding must be read as pertaining to the merits of the ineffective assistance claim, not the underlying . . . claim[.]" *Id*. (internal quotation marks and citation omitted). "From this, it follows that [petitioner's] Rule 26(B) application cannot be construed as raising the substantive . . . claim." *Id.* Petitioner's objection with respect to ground two is overruled.[14]

---

[14] Petitioner complains that "the R&R did not substantively review the discrete [double jeopardy] claim[.]" (Obj. at 818.) This is true, but it was not error. Rather, it was the result of the R&R's correct conclusion that the claim had not been preserved for habeas review.

Petitioner argues, in the alternative, that "[f]utility excuses exhaustion." (Obj. at 817.) Petitioner cites *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) and *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) for the proposition that "[t]here was no procedural default of the double jeopardy claim in the state courts because there was no State procedural rule prohibiting the state courts or invoked by them, from reaching the merite [sic] of the double jeopardy claim." (*Id.*, n. 1, citing *Wainwright v. Sykes*, 433 U.S. 72, 81-82, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).) Petitioner is completely overlooking the fact that he never raised a double jeopardy claim, but only an ineffective assistance of counsel claim. Even so, none of the Supreme Court cases that he cites offers any support.

*Rhines* teaches that a habeas petition containing both exhausted and unexhausted claims (a so-called "mixed" petition) should either (1) be stayed to permit exhaustion, but only if a petitioner who has not engaged in dilatory tactics shows good cause for his failure to exhaust and has a claim that is potentially meritorious, or (2) be amended to remove the unexhausted claim, but only if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

In *Coleman*, the petitioner had presented in a state habeas proceeding several federal claims that he had not presented on direct appeal. After his claims were rejected by the state courts, he raised them in a federal habeas petition, along with several other claims that he had raised on direct appeal. The Supreme Court affirmed the holding of the court of appeals that the claims not raised on direct appeal were not subject to federal habeas review because they were defaulted under the state's procedural rules and the petitioner had not shown good cause to excuse the default.

In *Sykes*, petitioner brought a federal habeas action challenging the admissibility of inculpatory statements he made to the police, claiming he did not understand the *Miranda*

8

warnings. The lower federal courts ruled that his failure to comply with the state's contemporaneous objection rule would not bar federal habeas review unless the right to object was deliberately bypassed for tactical reasons. The Supreme Court rejected that holding, applying the "well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts[,]" absent a showing of cause and prejudice, *Sykes*, 433 U.S. at 81, 90-91, even in the case of a state *procedural* rule.

Petitioner cites these three Supreme Court cases and suggests that he had "cause" for not raising his underlying double jeopardy claim in state court, that cause being the state courts' alleged "refus[al] to recognize" it. (Obj. at 817.) But other than that mere suggestion, there is no reasoned argument.

Petitioner's alternative to his sole objection also fails and is overruled.

### III. CONCLUSION

For the reasons discussed above, petitioner's objection to the R&R is overruled and the R&R is accepted. The petition for writ of habeas corpus is denied and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: October 17, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**